UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD R. HENKIN,

                Plaintiff,

    -against-

GIBRALTAR PRIVATE BANK & TRUST
COMPANY,

                Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 16-5452

(Wexler, J.)

APPEARANCES:

ARONOW LAW P.C.
By: Darren Aronow, Esq.
20 Crossways Park Drive, North Suite 210
Woodbury, New York 11797
    and
BAXTER & BAXTER, LLP
By: Justin Baxter, Esq.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Attorneys for Plaintiff

BUCKLEY SANDLER LLP
By: Ross E. Morrison, Esq. and Dana W. Kumar, Esq.
1133 Avenue of the Americas, Suite 3100
New York, New York 10036
Attorneys for Defendant

WEXLER, District Judge:

    Plaintiff Edward R. Henkin ("Henkin" or "Plaintiff") commenced this action alleging two violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by defendant Gibraltar Private Bank & Trust Company ("Gibraltar" or "Defendant"). Currently before the Court is defendant's motion to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), or alternatively, for improper venue pursuant to Rule 12(b)(3) of the Federal

Rules of Civil Procedure. Motion, Docket Entry ("DE") [27]. Plaintiff opposes the motion, but requests in the alternative that the matter be transferred.

## I. BACKGROUND

The facts taken from the complaint are assumed to be true for the purpose of this motion. Plaintiff is a natural person who resides in Suffolk County, New York, and is a "consumer" within the meaning of the FCRA. Gibraltar is a "furnisher of credit information" within the meaning of the FCRA with its headquarters in Coral Gables, Florida. It is duly authorized and qualified to do business in New York and maintains a branch location at 280 Park Avenue, 29th Floor East, New York, New York.

On December 6, 2007, Henkin and non-party Susan Henkin obtained a second lien loan ("the Loan") from Gibraltar. Attached to the complaint is a Home Equity Line of Credit Note, dated December 6, 2007 and showing a line of credit of $358,000, which was recorded on February 19, 2008 in Miami-Dade County, Florida. The copy of the Note attached to the complaint appears to be incomplete, consisting of a single page. There is no indication where the agreement was signed or negotiated, nor are there any factual allegations in the complaint regarding these issues. In addition, the Property Address on the Note has been redacted and the complaint does not indicate where the property securing the loan was located,

The Loan was paid as shown in a Satisfaction of Mortgage dated May 29, 2013 executed by Gibraltar and recorded on June 4, 2013 in Miami-Dade County, Florida. Compl. Ex. A ("Satisfaction"). Despite the Satisfaction, Defendant continued to report the mortgage loan as delinquent on Henkin's credit report. On October 1, 2014, Plaintiff sent a letter to Defendant and the three major credit bureaus "disputing the manner in which the loan was being reported."

The Complaint annexes an Experian report dated March 18, 2015 that shows the loan as "written off" or "paid in full for less than full balance" and indicating that the account would continue on the record until September 2017. Plaintiff alleges that despite being put on notice of the Satisfaction, Gibraltar continued to report the loan as delinquent and verified the debt to the credit bureaus.

As a result of Defendant's actions including inaccurate reporting of delinquencies, Plaintiff was denied credit. He alleges that he was unable to obtain a conventional mortgage and as a result "was forced to sell his family home." He does not indicate where the family home was located. Plaintiff claims actual damages of $269,753.00 plus continuing interest payments as well as damages for *inter alia*, costs for credit repair and monitoring, liquidation of assets, detriment to his credit rating, and emotional distress from embarrassment and humiliation.

## II. DISMISSAL FOR LACK OF PERSONAL JURISDICTION

### A. Legal Standards

When opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Before discovery has been conducted, "a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)); *see also Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) ("In order to survive a motion to dismiss for lack of personal

3

jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."). Plaintiff may also make a *prima facie* showing through his "own affidavits and supporting materials containing an averment of the facts" that would support the court's exercise of jurisdiction. *Whitaker v. Am. Telecasting Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation and citation omitted). Here, only Defendant has submitted an affidavit, but at this juncture, the Court may assess only Plaintiff's submissions "notwithstanding any controverting presentation by [defendant]." *Dorchester*, 722 F.3d at 86 (quoting *Marine Midland Bank v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

In federal question cases where the federal statute at issue does not contain its own jurisdictional provision, personal jurisdiction is determined in accordance with the laws of the forum state. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010); *see also Shostack v. Diller*, No. 15CIV2255, 2016 WL 958687, at *2 (S.D.N.Y. Mar. 8, 2016) (determining personal jurisdiction under New York law in federal question case alleging claims under, *inter alia,* the FCRA). Courts may exercise either general or specific personal jurisdiction. "General jurisdiction allows a court to adjudicate 'any and all' claims against a defendant, regardless of whether the claims are connected to the forum state." *Bonkowski v. HP Hood LLC*, 2016 WL 4536868, at *2 (E.D.N.Y. Aug. 30, 2016) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 180 L.Ed.2d 796 (2011); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016)). "Specific jurisdiction exists when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

414 & n. 8, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)). The exercise of personal jurisdiction, whether general or specific, must comport with requirements of Due Process, "which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and substantial justice.'" *Brown*, 814 F.3d at 625 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). Plaintiff claims that this Court has personal jurisdiction over Defendant pursuant to both New York's general jurisdiction provision, Civil Practice Law and Rules ("CPLR") §301 and its long-arm statute, CPLR §302(a).

## B. General Jurisdiction

General jurisdiction over a foreign corporation may be found under CPLR §301 if that corporation "has engaged in such a continuous and systematic course of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Resources Corp. v. Alexander & Alexander Servs.*, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990). New York's jurisprudence regarding the "doing business" standard has been put into serious question by the Supreme Court's ruling in *Daimler AG v. Bauman*, -- U.S. --, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). After *Daimler*, the inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler AG*, 134 S. Ct. at 761 (quoting *Goodyear*, 564 U.S. at 920). The Second Circuit has determined that under *Daimler*, "except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown*, 814 F.3d at 627 (2d Cir. 2016); *see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 136 (2d Cir. 2014) (noting that

5

prior to *Daimler,* existence of NY branch would have been sufficient "because through the activity of its New York branch, it engaged in a continuous and systematic course of doing business in New York").

Here, Gibraltar's principal place of business is Florida, and thus it is "essentially at home" only in that jurisdiction. As such, there can only be general jurisdiction over Defendant if this is an "exceptional case" in which Gibraltar's operations in New York are "so substantial and of such a nature as to render the corporation at home" in the state. *Daimler AG,* 134 S. Ct. at 761, n.19. In assessing the extent of a party's contacts in New York, the court examines those contacts "not in isolation but *in the context of the company's overall activity.*" *Brown,* 814 F.3d at 629 (emphasis in original). Plaintiff's lone allegation regarding Gibraltar's contacts with New York is the claim that it has a single branch office in New York that is authorized to do business in the state.[1] As this evidence is clearly insufficient to carry Plaintiff's burden of showing that Gibraltar's contacts constitute an "exceptional case," there is no general jurisdiction over the Defendant.

Plaintiff argues that as a national association, Gibraltar's "place of incorporation is the United States," including New York, and suggests general jurisdiction may be found on this

---

[1] To the extent that allegation can be read as a claim that Gibraltar is registered in New York, the Court notes that Plaintiff does not argue on this motion that such registration constitutes consent to suit. While the question of the effect of New York's business registration requirements on jurisdiction has not been explicitly addressed by the Second Circuit, that Court has addressed Connecticut's business registration process. It concluded that given *Goodyear* and *Daimler* and the "essentially at home" test, "federal due process rights likely constrain an interpretation that transforms a run-of-the-mill registration and appointment statute into a corporate 'consent'—perhaps unwitting—to the exercise of general jurisdiction by state courts." *Brown,* 814 F.3d at 637. On the current record, the Court declines to address whether registering to do business in New York constitutes consent to suit in the state. *See, Bonkowski,* 2016 WL 4536868, at *3 (discussing issue and declining to rule "[f]inding neither controlling case law nor a scintilla of discussion on this point from either party").

basis. This argument, made without citation to authority, flies in the face of *Daimler's* requirement that a corporation be "essentially at home" in a particular state for that state to exercise general jurisdiction over it. *See generally Daimler*, 134 S. Ct. at 762, n. 20 (noting that "[a] corporation that operates in many places can scarcely be deemed at home in all of them").

## C. Specific Jurisdiction

Pursuant to §302(a)(3)(ii), the court may exercise personal jurisdiction over an individual who "commits a tortious act without the state causing injury to person or property within the state ... if he ... expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." C.P.L.R. §302(a)(3)(ii). Any finding of jurisdiction under this section must also comport with due process.

Plaintiff argues that Defendant committed acts in violation of federal law pertaining to its response, or lack of response, to his complaints regarding the reporting of the disposition of the Loan to the credit reporting agencies. Plaintiff claims that as a consequence of Defendant's conduct, he was unable to refinance a separate mortgage and was forced to sell his family home, and that harm was a consequence reasonably foreseeable to Defendant. He fails, however, to allege that any action was taken by Gibraltar by or through its New York office.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, -- U.S. --, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014) (internal quotation and citations omitted). First, the relationship between the defendant and the forum state "must arise out of contacts that the

defendant himself creates with the forum State." *Id.* at 122 (internal quotation and citation omitted). The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," *id.*, and the "same principles apply when intentional torts are involved." *Id.* at 1123.

Significant to the current case, "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 134 S. Ct. at 1122. Even charging Gibraltar with the information of Plaintiff's New York residency, "a defendant's mere knowledge that a plaintiff resides in a specific jurisdiction would be insufficient to subject a defendant to specific jurisdiction in that jurisdiction if the defendant does nothing in connection with the tort in that jurisdiction." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 338 (2d Cir. 2016).

Here, the only connection between the allegedly tortious acts committed by Defendant and the state of New York is Plaintiff's presence within the state. The mere facts of Plaintiff's presence in New York and the alleged harm he suffered by selling his family home, also presumably located in New York, are insufficient to subject Gibraltar to jurisdiction in New York. *See generally Penguin Grp.*, 609 F.3d at 38 (noting that it is "settled New York law that the suffering of economic damages in New York is insufficient, alone, to establish a 'direct' injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes"); *Whitaker*, 261 F.3d at 209 ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York" (internal citations omitted)); *NewMarkets Partners LLC v.*

8

*Oppenheim*, 638 F. Supp. 2d 394, 403 (S.D.N.Y. 2009) (where events giving rise to injury occurred without the state, there is no jurisdiction under §302(a)(3) "even if Plaintiffs suffered financial harm in New York"). Plaintiff has failed to establish a *prima facie* showing of personal jurisdiction, and accordingly, Defendant's motion to dismiss for lack of such jurisdiction is granted.

## III. DISMISSAL FOR IMPROPER VENUE

### A. Legal Standards

Venue is proper in, *inter alia*, "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §1391(b). In this case, venue is improper on either basis.

For purposes of venue, a corporation resides in any judicial district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. §1391(d). As discussed above, Gibraltar is not subject to personal jurisdiction in New York in this case, nor does it reside in the state. Thus, venue in the Eastern District of New York is improper under §1391(b)(1). Venue is also improper under subsection (b)(2) since the events forming the basis for this suit occurred in Florida, not New York. Accordingly, the Court concludes that the Eastern District of New York is an improper venue.

## B. Dismissal or Transfer

Plaintiff urges the Court to transfer the case to a proper venue rather than dismissing it.[2] Pursuant to 28 U.S.C. §1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. §1406(a). The decision to transfer or dismiss is within the Court's discretion. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993). A case may be transferred even where the court does not have personal jurisdiction over the defendant. *Bonkowski*, 2016 WL 4536868, at *4 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L.Ed.2d 39 (1962)).

The Court finds that a transfer would further the goals of expeditious and orderly adjudication of the case on the merits. Gibraltar's headquarters is located in Florida, and the majority of trial witnesses are presumably located in that state. In the interests of justice, the Court finds that transfer to the Southern District of Florida is warranted, and exercises its discretion to order a transfer of the case rather than its dismissal.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of personal jurisdiction is granted. Although the Court also finds that venue is improper, it declines to dismiss the case but rather exercises its discretion in the interest of justice and transfers the case

---

[2] Although Plaintiff requests a transfer pursuant to 28 U.S.C. §1631, it is more appropriately made under §1406 and the Court will treat it as such. *See generally SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (noting that "the legislative history of section 1631 provides some reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction"); *Yurasov-Lichtenberg v. Betz*, No. 15CV1430, 2016 WL 4544031, at *7 (E.D.N.Y. Aug. 30, 2016) ("[a] court seeking to transfer to cure lack of personal jurisdiction instead should use the 'transfer authority derived from either section 1406(a) or section 1404(a).'" (quoting *SongByrd*, 206 F.3d at 179, n.9)).

to the appropriate forum. Accordingly, the case is transferred to the United States District Court for the Southern District of Florida.

SO ORDERED.

/s/ 
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 22, 2018